IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| **DARRIN WAYNE QUIMBY,** | Civ. No. 1:12-cv-01182-CL |
| Plaintiff, | |
| | **REPORT & RECOMMENDATION** |
| v. | |
| **DUTCH MINING, L.L.C. and DUTCH GOLD RESOURCES INC.,** | |
| Defendants. | |

CLARKE, Magistrate Judge.

This matter comes before the court on Plaintiff's motion for attorney fees and costs (#14). Defendants are in default and have not appeared in this litigation. On November 11, 2012 the court entered a general judgment (#13) against the defendants, which awarded plaintiff costs and attorneys' fees to be determined by the court. Plaintiff moves that the court award $3,960.00 for attorneys' fees (#14) and $549.03 as submitted in his Bill of Costs (#17). This motion should be GRANTED, and the fees and costs awarded as detailed below.

Page 1 – REPORT AND RECOMMENDATION

## BACKGROUND

Plaintiff filed his original complaint against these defendants in May, 2007 in Oregon state court; defendants then removed the action to federal court in June, 2007.[1] That case eventually resolved in January, 2010 in a Stipulated Judgment (#105 )[2] awarding the plaintiff damages, attorney fees and costs, and pre- and post-judgment interest and liquidated damages in the event the defendant failed to make payments. In July, 2012 the plaintiff filed his Complaint (#1) in the current case, alleging that the defendants had failed to make payments per the terms of the agreement. The defendants have not appeared in the current case, and a default judgment (#10) was entered against them, followed by the General Judgment (#13) on November 30, 2012. Plaintiff now moves for attorneys' fees and costs pursuant to the judgments above.

## STANDARD

Generally, the Ninth Circuit has adopted a lodestar/multiplier approach for assessing the amount of reasonable attorneys' fees. Grove v. Wells Fargo Fin. Cal., Inc., 606 F.3d 577, 582 (9th Cir. 2010); see also Gates v. Deukmejian, 987 F.2d 1392, 1397 (9th Cir. 1993). The party seeking an award of fees bears the burden to produce evidence to support the number of hours worked and the rates claimed. United Steelworkers of Am. v. Retirement Income Plan for Hourly-rated Employees of Asarco, Inc., 512 F.3d 555, 565 (9th Cir. 2008); see also Van Gerwen v. Guarantee Mut. Life Co., 214 F.3d 1041, 1045 (9th Cir. 2000). "When determining the appropriate number of hours to be included in a lodestar calculation, the district court should exclude hours 'that are excessive, redundant, or otherwise unnecessary.'" McKown v. City of Fontana, 565 F.3d 1097, 1102 (9th Cir. 2009) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434

---

[1] Civil docket number 1:07-cv-03037-PA.
[2] The Stipulated Judgment can also be found on the CM/ECF docket of the current case attached as Exhibit A to the Declaration of Carl Post in Support of the Motion (#16).

Page 2 – REPORT AND RECOMMENDATION

(1983)). The district court has "considerable discretion" in determining the reasonableness of attorneys' fees. Webb v. Ada County, Idaho, 195 F.3d 524, 527 (9th Cir. 1999).

To determine the lodestar amount, the court may consider the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Fischel v. Equitable Life Assur. Soc'y of U.S., 307 F.3d 997, 1007 n. 7 (9th Cir.2002). "The Court need not consider all ... factors, but only those called into question by the case at hand and necessary to support the reasonableness of the fee award." Cairns v. Franklin Mint Co., 292 F.3d 1139, 1158 (9th Cir. 2002) (quoting Kessler v. Assocs. Fin. Servs. Co. of Hawaii, Inc., 639 F.2d 498, 500 n .1 (9th Cir.1981)). Costs generally are awarded to the prevailing party in a civil action as a matter of course unless the court directs otherwise. Fed. R. Civ. P. 54(d).

## DISCUSSION

Plaintiff requests the Court to award attorneys' fees in the amount of $3,960.00 and costs in the amount of $549.03. To support Plaintiff's motion, Plaintiff's counsel Carl Post submitted a declaration with his hourly rate and an itemized list of his hours served in the case, along with the 2012 Economic Survey from the Oregon State Bar. A Bill of Costs was separately filed (#17), along with the relevant invoices.

Post is a graduate of the University of Oregon School of Law and has been an active member of the Oregon Bar since 2006. Post operated his own law firm in Medford, Oregon, from 2006 to 2009 during which time he handled employment, family, construction, and

personal-injury matters. Post joined the Law Offices of Daniel Snyder in 2009 and has since practiced civil litigation in Portland with a focus on employment law.

The court notes the Oregon 2012 Economic Survey lists $258 as the average billing rate for Portland attorneys with 7-9 years of experience generally and $266 as the average billing rate for Portland attorneys practicing civil litigation on behalf of plaintiffs. For Portland attorneys with Post's specialty, the Oregon 2012 Survey reflects the 25th percentile billing rate is $205 per hour and the 75th percentile is $300 per hour. Post's requested hourly rate of $275 falls within this range of billing rates. Based on the foregoing rates and Post's education and experience, the court should find that his requested hourly rate of $275 is reasonable under the circumstances.

Post asserts that he provided the plaintiff with 14.4 hours of legal services, as itemized in Exhibit A, attached to his declaration in support of this motion. Most of the hours itemized reflect e-mails and phone conversations in pursuit of settlement and enforcement of the settlement agreement, and none of them appear to be "excessive, redundant, or otherwise unnecessary." McKown, 565 F.3d at 1102. Given that the dates of these services span from January 2010 to November 2012, these hours should be reasonable under the circumstances.

As reflected in the plaintiff's Bill of Costs (#17), plaintiff sees a total award of costs of $549.03 for: fees of the Clerk ($350.00), service of summons and subpoena ($162.55), and printing costs ($27.45). The Declaration of Carl Post (#18) attached to the Bill of Costs also itemizes $9.03 for "Open Online research fees." Legal research fees are generally considered by the court to be overhead and therefore not properly considered costs that may be awarded. Chevron U.S.A., Inc. v. Pelican Butte Oil, LLC, 2011 WL 1398932 (D. Or. Jan. 31, 2011) report and recommendation adopted, 2011 WL 1395313 (D. Or. Apr. 12, 2011) (citing Frederick v. City of Portland, 162 F.R.D. 139, 144 (D. Or. 1995); Ringcentral, Inc. v. Quimby, 711 F.Supp.2d

1048, 1066 (N.D. Cal. 2010)); see also U.S. v. Merritt Meridian Constr. Co., 95 F.3d 153, 172 (2nd Cir. 1996) ("computer research is merely a substitute for an attorney's time that is compensable under an application for attorneys' fees and is not a separately taxable cost"); Jones v. Unisys Corp., 54 F.3d 624, 633 (10th Cir. 1995) (computer research costs not statutorily authorized under 28 U.S.C. § 1920); Standley v. Chilhowee R-IV School Dist., 5 F.3d 319, 325 & n. 7 (8th Cir. 1993) (computer costs part of the attorneys' fees and not to be taxed separately). Therefore, the court should exclude the $9.03 claim for computerized legal research fees.

## RECOMMENDATION

Taking into account the lodestar factors and the evidence submitted to support the motion, the court should GRANT the plaintiff's motion for attorneys' fees (#14) in the amount of $3,960.00 and costs in the amount of $540.00[3], as requested in plaintiff's Bill of Costs (#17).

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure Rule 4(a)(1) should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. **Objections to this Report and Recommendation, if any, are due no later than fourteen (14) days from the date of this recommendation. If objections are filed, any response is due fourteen (14) days from the date of the objections.** See Fed. R. Civ. P. 72, 6.

Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

///
///
///
///

---

[3] This amount reflects the exclusion of the computerized research claim.

DATED this 25 day of January, 2013.

MARK D. CLARKE
United States Magistrate Judge